UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| ALBERT JOSEPH MARTIN, | § | CASE NO. 10-70157-HDH-13 |
| | § | |
| Debtor. | § | |

| | | |
|---|---|---|
| DAVID A. HOELSCHER, | § | |
| DAH AIR, LTD., and WHISCOM, LLC, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | ADVERSARY NO._____ |
| | § | |
| ALBERT JOSEPH MARTIN, | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFFS' ORIGINAL COMPLAINT**

David A. Hoelscher, DAH Air, Ltd., and WHISCOM, LLC ("Plaintiffs") files this their Original Complaint complaining of Albert Joseph Martin ("Defendant") and would show the Court the following:

**1
Introduction**

Plaintiffs are the owners of aircraft, aircraft equipment, parts, and accessories ("Plaintiffs' Aircraft Property") which are in the possession of Defendant and/or his co-conspirator, Terry Joe Schoonover ("Schoonover"). One of the purposes of this adversary proceeding is to recover possession of Plaintiffs' Aircraft Property. Prior to this bankruptcy, the Defendant and Schoonover were defendants in a state court proceeding and Defendant had been enjoined from moving, selling, or disposing of Plaintiffs' Aircraft Property. Because of the imposition of the automatic stay,

Plaintiffs are unable to protect their rights to protect their interests and rights in Plaintiffs' Aircraft Property as part of the state court litigation.

## 2
## Parties

**2.1** Plaintiff David A. Hoelscher is an individual who resides in Kerrville, Kerr County, Texas.

**2.2** Plaintiff DAH Air, Ltd. is a Texas limited partnership whose principal place of business is located in Kerrville, Kerr County, Texas.

**2.3** WHISCOM, LLC is a Texas limited liability company whose principal place of business is located in Kerrville, Kerr County, Texas.

**2.4** Defendant Albert Joseph Martin is an individual who resides at 51 Second Circle Drive, Wichita Falls, Wichita County, Texas 76305.

## 3
## Jurisdiction and Venue

**3.1** This Court has jurisdiction pursuant to 28 U.S.C. § 1334(b).

**3.2** Venue of this matter is proper pursuant to 28 U.S.C. § 1409(a) in this Court because the Debtor's bankruptcy is pending in this Court and a substantial portion of the events complained of herein occurred within the area covered by the Wichita Falls Division of the Northern District of Texas.

**3.3** Plaintiffs contend that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (I), and (O). To the extent that any part of this proceeding is deemed not to be a core proceeding, Plaintiffs consent to entry of final orders by the Bankruptcy Judge in this proceeding.

# 4
# Factual Background

**4.1** Beginning in late 2002, Plaintiffs made a series of agreements with Defendant in regard to the purchase and restoration of various aircraft and aircraft equipment. Pursuant to these agreements, Plaintiffs supplied money to Defendant to purchase aircraft and related equipment, i.e. Plaintiffs' Aircraft Property. Defendant was supposed to perform repairs to Plaintiffs' Aircraft Property at a reasonable rate and Plaintiffs' Aircraft Property would be sold or returned to Plaintiffs. Plaintiffs were to receive the proceeds of any sale of Plaintiffs' Aircraft Property.

**4.2** Plaintiffs provided money to Defendant for the purchase price of many aircraft, aircraft component parts, aircraft powerplants (engines), aircraft propellers, aircraft accessories, tools, and materials.

**4.3** Based on Defendant's representations to Plaintiffs, Plaintiffs provided money to Defendant to rebuild and repair various aircraft and related equipment.

**4.4** Defendant made false representations to Plaintiffs regarding his purchases, rebuilds, and repairs to the aircraft and related equipment.

**4.5** Defendant failed to complete the work he was to perform pursuant to the contract as agreed.

**4.6** Defendant removed or caused to be removed from the aircraft and related equipment component parts, which has diminished the value of Plaintiffs' Aircraft Property.

**4.7** Aircraft parts which were in the possession and control of Defendant and owned by Plaintiffs pursuant to the contract are now missing.

**4.8** Defendant removed or caused to be removed from Plaintiffs' Aircraft Property the manufacturer's identification plates (hereinafter "ID plates"). These ID plates are *unique* to and an

integral part of the aircraft frames and aircraft powerplants. The removal of the ID plates has substantially lowered the value of the particular aircraft and aircraft powerplants to which they belonged. Removal of the ID plates makes it virtually impossible for the Plaintiffs to sell the aircraft or the aircraft powerplants.

**4.9** Defendant is also in possession of records and documents listed below which are owned by Plaintiffs and which the Federal Aviation Administration (hereinafter "FAA") considers *unique* to and an integral part of any aircraft and related equipment (hereafter collectively "FAA documents"):

   a.   Maintenance records;
   b.   Maintenance logs;
   c.   Log books and records
   d.   Identification plates - Airframe and powerplant;
   e.   Manufacturer type certificate data sheets;
   f.   Manufacturer airworthiness certificates;
   g.   Aircraft weight and balance records;
   h.   Aircraft pilot handbooks;
   i.   Aircraft equipment lists;
   j.   Aircraft operating manual (with or without weight and balance records;
   k.   FAA Form 337's;
   l.   Alteration records;
   m.   FAA registration forms and records;
   n.   Aircraft flight manuals;
   o.   Aircraft owner's handbooks;
   p.   Maintenance and repair Yellow Tags and records for Aircraft Component;
   q.   Parts, equipment, and appliances;
   r.   Bills of Sale;
   s.   Executed Aircraft registration forms;
   t.   Certificates of aircraft registration;
   u.   Aircraft Bills of Sale forms, FAA Form 8050-2; and
   v.   Application for aircraft registration forms, AC Form 8050-1
   w.   Authorized Release Certificates, Airworthiness Approval Tags, FAA Form 8130-A

**4.10** Defendant has refused to produce many of these FAA documents listed above, despite Plaintiffs' specific requests to Defendant to do so.

**4.11** Plaintiffs are the owners of aircraft, related equipment, and FAA records by virtue of their agreements with Defendant, their purchase of the aircraft, related equipment, and records, and the bill of sale, attached hereto and incorporated herein as Exhibit 1.

**4.12** Until July 7, 2009, Defendant had equal access to all such aircraft, related equipment, and FAA records.

**4.13** On July 7, 2009, Defendant refused Plaintiffs access to the aircraft, related equipment, and FAA records. Defendant then took control of Plaintiffs' property, removed some of the property from the storage locations known to Plaintiffs and took the property to Grandfield, Oklahoma, Hobart, Oklahoma, or other unknown locations, in an effort to hide them from Plaintiffs.

**4.14** Plaintiffs demanded return of the aircraft, related equipment, and FAA records, but Defendant refused.

**4.15** On September 9, 2009, in the 78th District Court of Wichita County, Texas, Defendant was enjoined from "removing, concealing, encumbering, [or] transferring" Plaintiffs' property.

**4.16** While subject to that injunction, Defendant moved Plaintiffs' property (aircraft, related equipment, and FAA records) from Wichita County, Texas, from the State of Texas to Grandfield, Oklahoma, Hobart, Oklahoma, or other unknown locations, all in violation of the 78th District Court's order.

### 5
### Breach of Contract

**5.1** Plaintiffs re-allege and incorporate by reference paragraphs 1 through 4.16 above as if fully stated herein.

**5.2** Plaintiffs and Defendant entered into a valid and enforceable agreements regarding the purchase, repair, and sale of aircraft and related equipment.

**5.3** Despite Plaintiffs performing their obligations pursuant to the contract, Defendant has failed to perform as required resulting in a breach of the contract.

**5.4** Defendant's breach of the contract has resulted in damages to Plaintiffs for which they seek recovery from Defendant.

**5.5** Pursuant to the terms of the agreements between Plaintiffs and Defendant, Plaintiffs own and are entitled to the return by Defendant of Plaintiffs' Aircraft Property and the FAA records.

## 6
## Fraud and Breach of Fiduciary Duty

**6.1** Plaintiffs re-allege and incorporate by reference paragraphs 1 through 4.16 above as if fully stated herein.

**6.2** Plaintiffs assert that Defendant made false representations to Plaintiffs regarding Defendant's intentions with respect to the agreements between Plaintiffs and Defendant, his repairs to Plaintiffs' property, and the location of Plaintiffs' property. These false representations include

    a. Defendant represented that he intended to repair and restore the aircraft for Plaintiffs when he did not have such intention;

    b. Defendant represented that he intended to use Plaintiffs' monies to purchase certain aircraft when he did not intend to purchase the aircraft;

    c. Defendant represented that Defendant had purchased aircraft and aircraft equipment for the Plaintiffs when he did not;

    d. Defendant represented that Defendant intended to, and was purchasing, aircraft equipment for Plaintiffs when he was not;

  e. Defendant represented that Defendant was obtaining monies from Plaintiffs for the express purpose of acquiring aircraft and aircraft equipment to repair, restore, and sell for Plaintiffs' benefit, when he did not intend to do so; and

  f. Defendant represented that Defendant would sell the aircraft equipment for Plaintiffs and remit the net proceeds to the Plaintiffs, when he did not intend to do so.

**6.3** When Defendant made these false representations to Plaintiffs he knew the representations were false and made the representations with the intent that Plaintiffs rely on them.

**6.4** Plaintiffs would not have purchased property through Defendant, continued to purchase property through Defendant or allow Defendant to maintain control over the Plaintiffs' property had they been aware of the falsity of the representations made by Defendant.

**6.5** Plaintiffs' reliance on Defendant's misrepresentations caused Plaintiffs to suffer damages for which they now sue.

**6.6** Plaintiffs also assert that Defendant's misrepresentations were malicious and constitute conduct for which the law allows the imposition of exemplary damages.

**6.7** Plaintiffs further assert that Defendants concealed from Plaintiff certain material facts which he had a duty to disclose. Specifically, Defendant was in possession of Plaintiffs' property and transferred, hid, concealed or detrimentally altered some of the property without Plaintiffs' knowledge or consent.

**6.8** Defendant concealed material facts related to the aircraft and related equipment and its location, and Plaintiffs are unable to learn such facts without Defendant's disclosure.

**6.9** Defendant's actions in concealing these material facts were intentional as further evidenced by his movement of Plaintiffs' property after entry of the injunction in state court.

**6.10** Defendant, by failing to disclose his actions, intended to induce Plaintiff to allow Defendant to remain in possession of Plaintiffs' property.

**6.11** Once Plaintiffs learned of Defendants' deception, Plaintiff demanded disclosure of all facts relevant to Plaintiff's property; however, Defendant has deliberately refused to provide the information, which is further evidence of Defendant's intent to defraud Plaintiffs.

**6.12** Defendant's deception has caused Plaintiffs to suffer injuries and damages for which Plaintiffs seek recovery from Defendant.

**6.13** Defendant was acting as an agent for Plaintiffs in acquiring and holding Plaintiffs' Aircraft Property and the FAA documents. As Plaintiffs' agent, Defendant owed a fiduciary duty to the Plaintiffs. The conduct of Defendant described above constitutes a breach of Defendant's fiduciary duty to the Plaintiffs and fraud as a fiduciary.

**6.14** Such conduct by Defendant is also malicious and constitutes conduct for which the law allows Plaintiffs to recover exemplary damages.

**6.15** Defendant's conduct described in this section 6 constitutes actual fraud and fraud while acting as a fiduciary; thus, Plaintiffs are entitled to judgment excepting the debt arising from the fraud from the discharge pursuant to Sections 523(a)(2)(A), 523(a)(4), and 523(a)(6)of the Bankruptcy Code.

## 7
## Conversion

**7.1** Plaintiffs re-allege and incorporate by reference paragraphs 1 through 4.16 above as if fully stated herein.

**7.2** Plaintiffs owned and have, or had, the immediate right to possession of all the aircraft, related equipment, and records purchased with Plaintiffs' funds.

**7.3** Defendant is exercising improper and illegal control over Plaintiffs' property to the exclusion of Plaintiffs, which has caused Plaintiffs to suffer damages. In addition, Defendant wrongfully sold Plaintiffs' property and converted such property.

**7.4** Plaintiffs request that all such property be returned to them immediately and Defendant be ordered to reimburse Plaintiffs for any diminished value to the property as a result of Defendant's improper and illegal actions and/or that Defendant be ordered to pay to Plaintiffs the fair market value of the property prior to Defendant's improper and illegal actions. In addition, Plaintiffs requested damages for the value of the property wrongfully sold and converted by the Defendant.

**7.5** Such conduct by Defendant is also malicious and constitutes conduct for which the law allows Plaintiffs to recover exemplary damages.

**7.6** Defendant's conduct described in this section 7 constitutes willful and malicious injury to the Plaintiffs or Plaintiffs' property; thus, Plaintiffs are entitled to judgment excepting the debt arising from the conversion from the discharge pursuant to Section 523(a)(6) of the Bankruptcy Code.

## 8
## Request for Accounting

**8.1** Plaintiffs re-allege and incorporate by reference paragraphs 1 through 4.16 above as if fully stated herein.

**8.2** Defendant is concealing and refusing access to Plaintiffs' property.

**8.3** Plaintiffs attach hereto and incorporate herein Exhibit 1, which is a bill of sale from Albert Joseph Martin and Virginia Milam. Exhibit A, attached to the bill of sale describes the location of some of the aircraft and related equipment owned by Plaintiffs; however, Plaintiffs have

been unable to confirm the present location of all of the property. Other aircraft and related equipment have also been moved and are in unknown locations.

**8.4** Plaintiffs, therefore, requests that the Court order Defendant to make an accounting of and provide the location of all aircraft and related equipment and records owned by Plaintiffs, which are in the possession of or subject to the control of the Defendant.

## 9
## Application for Mandatory Injunction

**9.1** Plaintiffs re-allege and incorporate by reference paragraphs 1 through 8.4 above as if fully stated herein.

**9.2** Plaintiffs request that the Court enter a permanent injunction against Defendant prohibiting him, his agents, employees, or representatives from the following actions:

    a.    Selling at public auction or otherwise transferring to anyone or any entity other than Plaintiffs any of the aircraft airframes, aircraft component parts, aircraft powerplants, aircraft propellers, propeller blades, propeller hubs, aircraft appliances, aircraft interior parts, aircraft equipment, FAA aircraft records or any of the property listed in the Exhibit A to Exhibit 1 of this Complaint;

    b.    Advertising for sale at auction or otherwise any of the aircraft airframes, aircraft component parts, aircraft powerplants, aircraft propellers, propeller blades, propeller hubs, aircraft appliances, aircraft interior parts, aircraft equipment, FAA aircraft records or any of the property listed in the Exhibit A to Exhibit 1 of this Complaint;

    c.    Encumbering any of the aircraft airframes, aircraft component parts, aircraft powerplants, aircraft propellers, propeller blades, propeller hubs, aircraft appliances, aircraft interior parts, aircraft equipment, FAA aircraft records or any of the property listed in the Exhibit A to Exhibit 1 of this Complaint; and

    d.    Removing, concealing, hiding, altering, or destroying any of the aircraft airframes, aircraft component parts, aircraft powerplants, aircraft propellers, propeller blades, propeller hubs, aircraft appliances, aircraft interior parts, aircraft equipment, FAA aircraft records or any of the property listed in the Exhibit A to Exhibit 1 of this Complaint.

**9.3**    Plaintiffs also request that Defendant be ordered to return to Plaintiffs all of the aircraft airframes, aircraft component parts, aircraft powerplants, aircraft propellers, propeller blades, propeller hubs, aircraft appliances, aircraft interior parts, aircraft equipment, FAA aircraft records or any of the property listed in the Exhibit A to Exhibit 1 of this Complaint, owned by Plaintiffs which are currently in the possession of Defendant or subject to his control.

## 10
## Attorney's Fees

**10.1**    Plaintiffs re-allege and incorporate by reference paragraphs 1 through 4.16 above as if fully stated herein.

**10.2**    As a result of Defendant's actions, Plaintiffs have been required to obtain legal counsel to bring this Complaint. Plaintiffs are entitled to an award of attorney's fees and costs.

## 11
## Prayer

Plaintiffs David A. Hoelscher, DAH Air, Ltd., and WHISCOM, LLC, pray for the following relief:

1. Defendant be enjoined from:

    a. Selling at public auction or otherwise transferring to anyone or any entity other than Plaintiffs any of the aircraft airframes, aircraft component parts, aircraft powerplants, aircraft propellers, propeller blades, propeller hubs, aircraft appliances, aircraft interior parts, aircraft equipment, FAA aircraft records or any of the property listed in the Exhibit A to Exhibit 1 of this Complaint;

    b. Advertising for sale at auction or otherwise any of the aircraft airframes, aircraft component parts, aircraft powerplants, aircraft propellers, propeller blades, propeller hubs, aircraft appliances, aircraft interior parts, aircraft equipment, FAA aircraft records or any of the property listed in the Exhibit A to Exhibit 1 of this Complaint;

    c. Encumbering any of the aircraft airframes, aircraft component parts, aircraft powerplants, aircraft propellers, propeller blades, propeller hubs, aircraft appliances, aircraft interior parts, aircraft equipment, FAA aircraft records or any of the property listed in the Exhibit A to Exhibit 1 of this Complaint; and

    d. Removing, concealing, hiding, altering, or destroying any of the aircraft airframes, aircraft component parts, aircraft powerplants, aircraft propellers, propeller blades, propeller hubs, aircraft appliances, aircraft interior parts, aircraft equipment, FAA aircraft records or any of the property listed in the Exhibit A to Exhibit 1 of this Complaint.

2. Defendant be ordered to return to Plaintiffs all the aircraft, related equipment, and FAA records owned by Plaintiffs and currently in the possession or subject to the control of Defendant.

3. Defendant be ordered to make an accounting of all the aircraft, related equipment, and FAA records owned by Plaintiffs and currently in the possession or subject to the control of Defendant.

4. Judgment in favor of Plaintiffs against Defendant for actual damages, as determined by law; exemplary damages, as determined by law; attorneys' fees, costs, and expenses through trial and on appeal; prejudgment interest as allowed by law; post-judgment interest at the legal rate; and costs of court.

5. Judgment declaring the debts arising from Defendant's fraud and conversion be excepted from the discharge; and

6. Award Plaintiffs and any and all other relief, at law or in equity, to which they may show themselves justly entitled to receive.

Respectfully submitted,

*/s/ Charles E. Webb*
Charles E. Webb
State Bar No. 21020000
3663 Airport Freeway
Fort Worth, Texas 76111-4630
Phone: 817/336-0300
Fax: 817/838-8148

>**DAVISON RUGELEY, L.L.P.**
>900 Eighth Street, Suite 1102
>P. O. Drawer 99
>Wichita Falls, Texas 76307
>Phone: 940/766-1388
>Fax: 940/766-5396
>
>*/s/ Hank Rugeley*
>Hank Rugeley
>State Bar No. 17382900
>
>ATTORNEY FOR PLAINTIFFS DAVID A. HOELSCHER, DAH AIR, LTD., AND WHISCOM, LLC

## PLAINTIFFS REQUEST TRIAL BY JURY

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing was, on the 30th day of June 2010, duly served upon the following:

Monte J. White
Monte J. White & Associates, P.C.
1106 Brook Avenue
Wichita Falls, Texas 76301

>*/s/ Hank Rugeley*
>Hank Rugeley

P:\HLR\Dah Air Ltd\Martin Bankruptcy\Draft Pleadings\Complaint 6-30.wpd